IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LISA KESTLER,                       )
                                    )
            Plaintiff,              )
                                    )
        v.                          )    1:09CV1007
                                    )
JOHNSONDIVERSEY, INC.,              )
                                    )
            Defendant.              )

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court pursuant to the parties' Joint Motion for Entry of Consent Protective and Confidentiality Order. (Docket Entry 13.) The proposed order defines "Confidential Information" in a manner that appears consistent with Federal Rule of Civil Procedure 26(c); however, in empowering the parties to designate material as "Confidential Information," the proposed order does not limit their discretion to make only designations that they, in good faith, believe are consistent with those definitions and/or Rule 26(c). (See Docket Entry 13-1 at 4-5.) Further, in addition to setting conditions on the circumstances under and manner by which they might use materials they designate as "Confidential Information," the parties' proposed Joint Stipulation and Protective Order states as follows:

> **Scope of Order**. This Order governs the handling and disclosure of all materials produced, given, exchanged, or <u>filed</u> herein by any party or witness during discovery and <u>other proceedings</u> in this action (which includes but is not limited to all claims against all parties, including third-party claims, and mediation, arbitration, or other alternative dispute resolution process,

> settlement proceedings, and/or <u>appeal</u>) which constitutes and is designated as "Confidential Information" pursuant to the terms of this Order.

(<u>Id.</u> at 2 (emphasis added).)

> **Filing with the Court**. Any Confidential Information filed with the Court shall be filed in accordance with the Electronic Case Filing Administrative Polices and Procedures Manual then in effect for this Court. Any paper documents to be filed with the Court constituting Confidential Information shall be filed with the Court in a sealed envelope on which shall be written the title of this action, the identity of the party filing and/or serving the material, the legend "CONFIDENTIAL," and words to the effect of "The Materials contained herein contain CONFIDENTIAL information and may be revealed only upon Order of the Court or upon prior written consent of counsel for the party or witness designating the material CONFIDENTIAL." The Clerk of Court shall maintain all such sealed containers intact and unopened except as otherwise directed by the Court; however, such information shall be available at all times to the Court and to such persons as are permitted access to Confidential Information under Paragraph 7 of this Order.

<u>Id.</u> at 7-8.

> **Documents in Court File**. After the final disposition of this action, including the conclusion of any and all appeals, all Confidential Information maintained in sealed files of the Court in accordance with Paragraph 11 of this Order shall be returned to counsel for the party or witness filing such Confidential Information.

<u>Id.</u> at 8.

The parties' proposal does not address what, if any, justification the parties would submit to the Court with these sealed filings.

For the reasons stated in <u>Haas v. Golding Transp. Inc.</u>, No. 1:09CV1016, 2010 WL 1257990 (M.D.N.C. Mar. 26, 2010) (unpublished), the Court will not enter the proposed Consent Protective and Confidentiality Order as currently drafted. Instead, the Court

-2-

Case 1:09-cv-01007-WO-LPA   Document 14   Filed 04/21/10   Page 2 of 4

will afford the parties an opportunity: 1) to submit an "Amended Consent Protective and Confidentiality Order" that adds a good-faith limitation on their authority to make designations and that addresses the matters outlined in Haas regarding prospective sealing orders; or 2) to file a motion for reconsideration and supporting brief setting out argument and/or authority showing that the existing proposal complies with controlling precedent.

If they choose the former option, the parties: 1) may omit the paragraphs and references within paragraphs regarding sealed court filings all together; or 2) they may revise those aspects of their proposal. To the extent that any such revised version continues to provide prospectively for the filing of documents under seal, the parties: 1) shall re-caption the proposal as "Consent Protective and Confidentiality Order and Prospective Sealing Order"; and 2) shall incorporate into said proposed order a description of the court filings covered by the prospective sealing provision (e.g., discovery-related motions, dispositive motions, etc.), a statement explaining the need for any sealing (including why alternatives would not suffice), and references to applicable case law.[1]

---

[1] The Court foresees that, because "[a] party moving to seal documents filed in support of a motion for summary judgment in a civil case bears a heavy burden," Jennings v. University of N.C. at Chapel Hill, 340 F. Supp. 2d 679, 681 (M.D.N.C. 2004), fashioning a prospective sealing provision for filings of that sort will be difficult. However, given the existence of significant authority indicating that "[t]he better rule is that material filed with discovery motions is not subject to the common-law right of access," Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1312 (11th Cir. 2001), it is easier to envision a prospective sealing provision limited to such motions. See also Pintos v. Pacific Creditors Ass'n, 565 F.3d 1106, 1115 (9th Cir. 2009) ("'[G]ood
(continued...)

**IT IS THEREFORE ORDERED** that the parties' Joint Motion for Entry of Consent Protective and Confidentiality Order (Docket Entry 13) is DENIED.

**IT IS FURTHER ORDERED** that the parties may submit an "Amended Consent Protective and Confidentiality Order" consistent with the terms of this Memorandum Opinion and Order or, alternatively, may file a motion for reconsideration asking the Court to enter the "Consent Protective and Confidentiality Order" as drafted, with a supporting brief that demonstrates the propriety of the original proposal.

                                          /s/ L. Patrick Auld
                                              **L. Patrick Auld**
                              **United States Magistrate Judge**

April 21, 2010

---

[1](...continued)
cause' is also the proper standard when a party seeks access to previously sealed discovery attached to a nondispositive motion."); Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 165 (3d Cir. 1993) ("[W]e hold there is a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions . . ., but no such right as to discovery motions and their supporting documents."); Anderson v. Cryovac, Inc., 805 F.2d 1, 10 (1st Cir. 1986) ("Although we agree that the public has a right of access to some parts of the judicial process, we conclude that this right does not extend to documents submitted to a court in connection with discovery proceedings."). Cf. In re Policy Mgt. Sys. Corp., 1995 WL 541623, at *4 (stating "that a document becomes a judicial document when a court uses it in determining litigants' substantive rights" (emphasis added)). In addition, the Court is aware of no circumstances under which it could order the prospective sealing of documents filed in an appellate court, as the first paragraph of the parties' proposal seems to contemplate. See, e.g., In re Krynicki, 983 F.2d 74, 77 (7th Cir. 1992) ("No magistrate judge can authorize litigants to file clandestine briefs in this court.").